UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**LOUIS T. AGE, III**  **CIVIL ACTION**

**VERSUS**  **NO: 07-9265-KDE-SS**

**ALLSTATE INSURANCE COMPANY**

### ORDER

ALLSTATE'S MOTION FOR SANCTIONS (Rec. doc. 12)

**GRANTED**

On August 29, 2007, the plaintiff, Louis Age ("Age"), filed a petition in state court against the defendant, Allstate Insurance Company ("Allstate"), for damages to property located in New Orleans attributed to Hurricane Katrina. Age is represented by counsel. The petition was removed to federal court. Rec. doc. 1. There was a preliminary conference on May 14, 2008 in which Age's counsel participated. The deadline for completion of discovery is January 29, 2008. The trial is set for March 30, 2009. Rec. doc. 6.

On July 29, 2008, Allstate filed a motion to compel. It reported that it served written discovery on June 12, 2008. Age did not respond. It attempted to schedule a L.R. 37.1 conference with Age's counsel, but he did not participate. Rec. doc. 8. Age did not file an opposition and Allstate's motion was granted. Age was ordered to respond within ten working days. Rec. doc. 10.

On October 7, 2008, Allstate filed a motion for sanctions. It reported that Age did not comply with the August 13, 2008 discovery order. The motion was set before the District Judge for October 22, 2008. Rec. doc. 10. Age did not file any opposition. On November 19, 2008, the motion was referred to the undersigned. Rec. doc. 13.

Age is represented by Hilliard Fazande of Atlanta, Georgia. Mr. Fazande has not furnished the Clerk with an e-mail address. The record demonstrates that the Clerk is mailing notices, including the August 13, 2008 discovery order, to Mr. Fazande at 2202 Summit Place Drive, Atlanta, Georgia 30350.

Allstate requests that the action be dismissed. In Ricky Raymond, et al v. University of Houston, 275 Fed. Appx. 448, 2008 WL 1881567(5th Cir. 2008), the Fifth Circuit stated that:

> Rule 41(b) provides that if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. In other words, Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute. We review a district court's dismissal with prejudice for failure to prosecute pursuant to Rule 41(b) for an abuse of discretion. We have recognized, however, that a dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim. Consequently, this Court has limited the district court's discretion in dismissing cases with prejudice.

Id. at 449 (citations and quotation marks omitted). It quoted the following from Berry v. CIGNA/RSI-CIGNA, 975 F.2d1188 (5th Cir. 1992),

> We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.

Id. at 1190. For dismissals with prejudice, it noted a need for at least one of three aggravating factors. (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. 275 Fed. Appx. at 449.

None of the three aggravating factors are present. First, the record does not demonstrate that the delay was caused by the plaintiff as opposed to his attorney. Second, except for the cost of the

discovery motions, the defendant has not been prejudiced by the delay.[1]  Third, there is no evidence that the delay was caused by intentional conduct.

A dismissal with prejudice is not an appropriate sanction.  Inasmuch as Allstate has been required to file motions to compel, the reasonable cost of pursuing these motions will be imposed on Age.  Age will be ordered to fully respond to the discovery.  Age's counsel will be required to notify Age and confirm that this has been done.  **Any further delay will be attributed to the plaintiff personally.**  The deadline for the completion of discovery is January 29, 2009.  Any further delay will prejudice Allstate's ability to comply with the scheduling order and prepare for trial.

IT IS ORDERED as follows:

1. Allstate's motion for sanctions (Rec. doc. 12) is GRANTED in PART and DENIED in PART.

2. **Within ten (10) working days of the entry of this order,** Age shall: (a) deliver to counsel for Allstate a check payable to Allstate for $500.00; and (b) comply with the August 13, 2008 discovery order and fully respond to Allstate's written discovery.

3. **Within ten (10) working day of the entry of this order**, Age's counsel shall file an affidavit in the record stating that: (a) since the receipt of this order, he has communicated with Age in person or by telephone; (b) he reported the contents of this order to Age; and (c) he delivered a copy of this order to Age.

3. **Age is cautioned that failure to comply with this order will result in a report and recommendation that his claims against Allstate be dismissed with prejudice.**

---

[1] But with the impending discovery deadline, prejudice is imminent.

4. If Age and his counsel do not fully comply with this order, Allstate shall file a further motion for sanctions to be noticed before the undersigned. It shall request expedited consideration of this motion. It is not required to comply with L.R. 37.1 before filing this motion.

New Orleans, Louisiana, this 21st day of November, 2008.

                                              **SALLY SHUSHAN**
                                      **United States Magistrate Judge**