UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS T. AGE, III | CIVIL ACTION |
| VERSUS | NO: 07-9265-KDE-SS |
| ALLSTATE INSURANCE COMPANY | |

## REPORT AND RECOMMENDATION

Before the undersigned is the motion of the defendant, Allstate Insurance Company ("Allstate"), for sanctions, including a recommendation that the complaint of the plaintiff, Louis T. Age, III ("Age"), be dismissed with prejudice. For the reasons described below, it is recommended that Age's complaint be dismissed with prejudice.

## BACKGROUND

On August 29, 2007, Age filed a petition in state court against Allstate for damages to property located in New Orleans attributed to Hurricane Katrina. Age is represented by counsel. The petition was removed to federal court. Rec. doc. 1. There was a preliminary conference on May 14, 2008 in which Age's counsel participated. The trial is set for March 30, 2009. Rec. doc. 6.

On July 29, 2008, Allstate filed a motion to compel. It reported that it served written discovery on June 12, 2008. Age did not respond. It attempted to schedule a L.R. 37.1 conference with Age's counsel, but he did not participate. Rec. doc. 8. Age did not file an opposition and Allstate's motion was granted. Rec. doc. 10.

On October 7, 2008, Allstate filed a motion for sanctions. It reported that Age did not comply with the August 13, 2008 discovery order. Age did not file any opposition. On November

21, 2008, a discovery order was issued with the following requirements:

1. By December 8, 2008, Age was required to: (a) deliver to counsel for Allstate a check payable to Allstate for $500.00 as the reasonable attorney's fees for the filing of the motion for sanctions; and (b) comply with the August 13, 2008 discovery order and fully respond to Allstate's written discovery.

2. By December 8, 20008, Age's counsel was required to file an affidavit in the record stating that since the receipt of the November 21, 2008 order, he communicated with Age in person or by telephone, he reported the contents of the order to him, and he delivered a copy of it to him.

Age was cautioned that failure to comply with the order would result in a report and recommendation that his claims against Allstate be dismissed with prejudice. Rec. doc. 14.

On December 9, 2008, Allstate filed a motion for sanctions. It reports that Age did not comply with the November 21, 2008 discovery order. Rec. doc. 15. Age's counsel did not file the required affidavit in the record. The motion was set for December 31, 2008. Age was notified that if he did not comply with discovery orders by December 31, 2008, it would be recommended that his complaint be dismissed with prejudice. Rec. doc. 18. Age did not file any opposition to the motion for sanctions.

## ANALYSIS

In <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744 (5th Cir. 1987), the Fifth Circuit said:

> Though the facts of each case largely determine the appropriateness of dismissal, our precedents enunciate several general principles. First, dismissal with prejudice is normally appropriate only if "its deterrent value cannot be substantially achieved by use of less drastic sanctions." Second, if the refusal to comply results

from honest confusion or sincere misunderstanding of the order, the inability to comply, or the nonfrivolous assertion of a constitutional privilege, dismissal is almost always an abuse of discretion. Third, in general the court may resort to dismissal only if there is a clear record of delay or contumacious conduct by the plaintiff. Fourth, when the blame for disregard of the court's order lies with the attorney, not the client, dismissal is usually too severe a sanction. Finally, if the other party's preparation for trial has not been "substantially prejudiced," dismissal may well be inappropriate.

Id. at 749 (citations, brackets and quotation marks omitted). In Raymond, et al v. University of Houston, 275 Fed. Appx. 448, 2008 WL 1881567(5th Cir. 2008), the Fifth Circuit stated that:

Rule 41(b) provides that if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. In other words, Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute. We review a district court's dismissal with prejudice for failure to prosecute pursuant to Rule 41(b) for an abuse of discretion. We have recognized, however, that a dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim. Consequently, this Court has limited the district court's discretion in dismissing cases with prejudice.

Id. at 449 (citations and quotation marks omitted). It quoted the following from Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188 (5th Cir. 1992),

We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.

Id. at 1190. For dismissals with prejudice it noted a need for at least one of three aggravating factors. (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. 275 Fed. Appx. at 449.

The scheduling order requires that discovery be completed by January 29, 2009. The deadline for plaintiff's expert reports was November 19, 2008. The deadline for Allstate's expert reports was December 19, 2008. Rec. doc. 8. Age's failure to respond to Allstate's discovery makes

3

it impossible for Allstate to comply with the scheduling order. There is actual prejudice to Allstate's ability to defend itself.

The imposition of lesser sanctions has proved futile. In response to the first motion to compel, Age was ordered to respond to Allstate's discovery by August 27, 2008. Rec. doc. 10. Age did not comply with this order. A second motion to compel was filed. Allstate requested sanctions. Age was assessed costs of $500. Rec. doc. 14. The imposition of this sanction and warnings that continued failure to comply with the discovery orders would result in a recommendation of dismissal have not had any effect.

The evidence is not clear whether the delay was caused by Age or his counsel. At least two of three aggravating factors noted in Raymond v. University of Houston are present. It will be recommended that Age's action be dismissed with prejudice for failure to prosecute and to comply with discovery orders.

## RECOMMENDATION

IT IS RECOMMENDED that Allstate's motion for sanctions (Rec. doc. 15) be GRANTED and that, pursuant to Fed. R. Civ. P. 41(b), Age's complaint be dismissed with prejudice for failure to prosecute and to comply with discovery orders.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure

4

to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 5th day of January, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**